IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAVOIA NYC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN JOSEPH McGOWAN, <br><br> Defendant. | CIVIL ACTION <br> NO: 1:22-cv-04719 |

## PERMANENT INJUNCTION ORDER

This Stipulated Permanent Injunction and Consent Order ("Stipulated Injunction") is hereby made this 30th day of September, 2022 ("Effective Date") by and between Plaintiff, Savoia NYC, Inc. ("Savoia") on the one hand and Defendant, John Joseph McGowan ("Mr. McGowan") on the other, as follows:

**WHEREAS**, Savoia filed a Complaint against Mr. McGowan on June 6, 2022 arising from Mr. McGowan's trademark infringement and unfair competition regarding the use of Plaintiff's "CRO-MAGS" trademark ("CRO-MAGS Mark"), as well as Mr. McGowan's breach of a 2019 settlement agreement between Savoia's owner and predecessor-in-interest, Harley Flanagan ("Mr. Flanagan") and Mr. McGowan (the "2019 Settlement Agreement");

**WHEREAS**, by way of the 2019 Settlement Agreement, Mr. McGowan acknowledged Mr. Flanagan's exclusive rights in and ownership of the CRO-MAGS Mark, and Mr. Flanagan provided Mr. McGowan with a License allowing Mr. McGowan a very limited and specific use of the CRO-MAGS Mark designed to avoid confusion with Mr. Flanagan's use of his mark.

**WHEREAS**, the 2019 Settlement Agreement provides that, should Mr. McGowan exceed the limitations set forth therein and use the CRO-MAGS Mark in an impermissible fashion, such use would constitute a material breach of the 2019 Settlement Agreement, entitling Mr. Flanagan

(or his successor-in-interest) to permanently enjoin Mr. McGowan from using any mark including or comprising the CRO-MAGS Mark in any respect;

**WHEREAS,** on June 14, 2019, Mr. Flanagan assigned to Savoia all of his rights, title, and interest in the CRO-MAGS Mark. On that date, Mr. Flanagan also assigned to Savoia, as his successor-in-interest, all of his rights and obligations under the 2019 Settlement Agreement.

**WHEREAS,** Savoia is the current owner of all rights, title, and interest in the CRO-MAGS Mark and 2019 Settlement Agreement

**WHEREAS,** Savoia asserted that in April of 2022 that Mr. McGowan breached the 2019 Settlement Agreement by exceeding the limitations on the use of the CRO-MAGS Mark in connection with a concert on April 23, 2022 using **Cro-Mags JAM** instead of the formerly agreed upon **Cro-Mags "JM"** in violation of the 2019 Settlement Agreement.

**WHEREAS,** as required by the 2019 Settlement Agreement, Savoia contacted Mr. McGowan and his agent and attorney regarding the breach to make a good faith effort to assist them in curing the breach and infringement and to avoid public confusion to which McGowan did not respond (although Mr. McGowan does deny having received notice until after the fact);

**WHEREAS,** Mr. McGowan acknowledges his ultimate acquiescence and material breaches of the 2019 Settlement Agreement; and

**WHEREAS,** pursuant to Paragraph 17 of the 2019 Settlement Agreement, Mr. McGowan has agreed to enter into a Permanent Injunction Order; and

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in full resolution of the Complaint, the parties agree as follows:

1. Mr. McGowan, his employees, agents, attorneys, successors-in-interest, heirs,

assignees, and all persons in active concert or participation with Mr. McGowan are permanently and forever prohibited from imitating, copying, registering, or making use of the CRO-MAGS Mark, the marks CRO-MAGS JM and CRO-MAGS "JM" in any manner whatsoever and any variations thereof which may be likely to cause confusion, including but not limited to on social media including title pages, account names, and handles and in connection with merchandise, musical concerts and recordings.;

2. Mr. McGowan, his employees, agents, attorneys, successors-in-interest, heirs, assignees, and all persons acting in concert or participation with Mr. McGowan are permanently and forever prohibited from engaging in any activity constituting unfair competition with Savoia, including but not limited to making disparaging comments relating to Plaintiff or Harley Flanagan, stating or otherwise representing that they are affiliated or associated in any way with Plaintiff, Harley Flanagan or their use of the CRO-MAGS Mark. Factually correct, non-commercial references to the fact that McGowan was a former member of the Cro-Mags band shall not be a violation of this Agreement provided that the Cro-Mags mark in such references is presented in the same size and font as the text surrounding it and is presented as "Cro-Mags" and not in all capital letters.

3. McGowan, his employees, agents, attorneys, successors-in-interest, heirs, assignees, and all persons acting in active concert or participation with McGowan are permanently and forever prohibited from registering or attempting to register the CRO-MAGS Mark, CRO-MAGS JM, CRO-MAGS "JM" or any other mark containing "CRO-MAGS," and any confusingly similar variations thereof, for any goods or services, in any manner including as a trademark or domain name in any jurisdiction worldwide.

Date: 30th of September, 2022

| | |
|---|---|
| **ROYER COOPER COHEN BRAUNFELD LLC** | **GCGRASSOW LAW, PLLC** |
| By: /s/ _Donna A. Tobin_<br>Donna A. Tobin, Esquire<br>1120 Avenue of the Americas<br>4th Floor<br>New York, NY 10036-6700<br>Tel: (212) 994-0454<br>Email: Dtobin@rccblaw.com | By: _George G. Grasso_<br>George G. Grasso, Esquire<br>25-02 Francis Lewis Blvd<br>2nd Floor<br>Flushing, New York 11358<br>Tel: (718) 819-8696<br>Email: George@GCGrassoLaw.com |
| *Attorneys for Plaintiff Savoia NYC, Inc.* | *Attorney for Defendant, John McGowan* |

**IT IS SO ORDERED:**

_____
John G. Koeltl
United States District Judge

9/30/22

{01249821.v1}

4